IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD B. PAIGE,

    Plaintiff,

v.

ANDIE CORTEZ,

    Defendant.

Case No. 6:19-cv-00749-MO

ORDER TO DISMISS

MOSMAN, District Judge.

Plaintiff, an individual incarcerated in Pine Bluff, Arkansas, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

///

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff alleges that his wife's current and former parole officers prevented him from using his medical marijuana, forced him out of his home and away from his wife, and put his wife and him in jail for "unjust reasons." He asks that the Court remove the "illegal 'no-contact' order" that separates him from his wife, award $25,000 for each year the parole officers violated their rights, and award an additional $25,000 for each year of pain and suffering the couple endured during the last 11+ years.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

As an initial matter, the only named Defendant in the caption of Plaintiff's Complaint is Andie Cortez, whom Plaintiff describes as his wife's former parole officer. To the extent Plaintiff wishes to bring suit against his wife's other parole officers as he indicates elsewhere in his Complaint, he has not done so because he omits these individuals from the caption of his pleading. Fed. R. Civ. P. 10(a). However, as discussed below, even if Plaintiff were to cure this deficiency, he would still not be entitled to proceed with this lawsuit.

Plaintiff mainly seeks money damages for Defendant's imposition of various post-prison supervision conditions and her administration of those conditions over the course of the last 11 years. To the extent such claims are timely, Defendant Cortez is absolutely immune to a suit for damages. *Thornton v. Brown*, 757 F.3d 834, 839-40 (9th Cir. 2013); *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004).

While Plaintiff also appears to seek injunctive relief under the theory that his wife's post-prison supervision conditions burden his ability to use medical marijuana and reside in his home due to a no-contact order, Plaintiff is currently incarcerated in Arkansas such that he is not affected by either of these conditions. Indeed, the Court takes judicial notice of the fact that Plaintiff began serving a 132-month prison sentence within the Arkansas Department of Correction on January 30, 2012 for Battery in the First Degree (Habitual Offender), and he remains incarcerated pursuant to that judgment to this day.[1] Because the conditions of which Petitioner

---

[1] To the extent Plaintiff might seek to challenge the fact of his current incarceration, he may not do so in a civil rights case. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1984) ("Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.").

complains do not currently affect him, he has no standing to challenge them. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Finally, although Plaintiff also appears to challenge his wife's post-prison supervision conditions on her behalf as well as his own, a non-attorney may not appear on behalf of others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Storseth v. Spellman*, 654 F.2d 1349, 1355 (9th Cir. 1981). For all of these reasons, the Court summarily dismisses the Complaint.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#1) is DISMISSED for failure to state a claim. Because Plaintiff cannot cure all of the deficiencies identified above through amendment, the dismissal is without leave to amend. Plaintiff's pending Motions for Appointment of Counsel (#4, #8, and #10) are denied.

///

///

///

///

Additionally, for the reasons set forth above, this Court certifies that any appeal from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

IT IS SO ORDERED.

DATED this 6th day of June, 2019.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge